IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRY ANTOINE SAUNDERS  :

    v.  :  Civil Action No. DKC 16-2399
        Criminal No. DKC 03-0484-002

UNITED STATES OF AMERICA  :

**MEMORANDUM OPINION AND ORDER**

Petitioner Henry Saunders filed a motion titled "Motion for Reduction of Sentence Reduction per 18 USC 3582(c)(2) in light of Johnson, S.Ct. (2015) and Welch, S.Ct. (2016) and for reduction/modification of supervised release with preliminary leave to proceed and file sought" (ECF No. 473) which has been construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255.[1] In his motion Petitioner asserts that he is entitled to a reduction of his sentence under the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015), striking down the residual clause in the Armed Career Criminal Act (ACCA).

---

[1] A court may recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003). Petitioner may not evade the procedural requirements for successive § 2255 motions by attaching other titles to his motion. *Calderon v. Thompson,* 523 U.S. 538, 553 (1998) (Regardless of the title assigned by the litigant, the subject matter of the motion determines its status.). Notice of recharacterization was not required because this was not Petitioner's first §2255 motion challenging this judgment and there is no notice requirement for successive petitions. *See Castro*, 540 U.S. at 383.

Petitioner states that "he was charged with a gun under 18 USC 924(c) for mere gun possession without more."

In response to Petitioner's motion, the government filed a motion to dismiss on August 15, 2016 (ECF No. 475) asserting that Petitioner's motion must be dismissed because it is successive and he did not first seek authorization from the Fourth Circuit Court of Appeals to file it. *Id*. at p. 2.

Petitioner concedes that the instant Motion to Vacate is not the first such motion he has filed. On August 25, 2011, Petitioner filed a Motion to Vacate (ECF No. 351), which was denied on November 8, 2011 (ECF No. 361). Petitioner also acknowledges that has not received authorization from the Fourth Circuit Court of Appeals to file the instant motion. Instead, he contends that this motion should not be considered "second or successive" because it is based on "facts" that did not exist at the time of the first motion, citing *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014). Petitioner is mistaken and the motion to dismiss will be granted.

Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

2

>      found the movant guilty of the offense; or
>      (2) a new rule of constitutional law, made
>      retroactive to cases on collateral review by
>      the Supreme Court, that was previously
>      unavailable.

It is correct "that a numerically second § 2255 motion should not be considered second or successive pursuant to §2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." *United States v. Hairston*, 745 F.3d 258, 262 (4th Cir. 2015). That approach, however, does not apply when a petitioner seeks to rely on a new rule of constitutional law because the "facts" are unchanged. Only the law potentially has changed. As in *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016), petitioner must first apply to the Fourth Circuit for approval.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive and attached hereto is a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court.

3

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of her constitutional rights, this court will not issue a COA.

For the reasons set forth herein, this court is without jurisdiction to review the instant Motion to Vacate. Accordingly, it is this 23rd day of December, 2016, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Respondent's motion to dismiss (ECF No. 475) IS GRANTED;

2. Petitioner's motion to vacate, set aside, or correct sentence (ECF No. 473) BE, and the same hereby IS, DISMISSED;

3. The court DECLINES to issue a certificate of appealability; and

4. The Clerk is DIRECTED to provide a copy of this Order to counsel of record and directly to Mr. Saunders along with instructions should Petitioner wish to seek authorization to file a successive petition with the appellate court and to CLOSE this case.

                                                  /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge